UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

JAHNI FANNIS, on behalf
of himself and other similarly
situated individuals,                                        Civ. Action No.

               Plaintiff,                       **COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

     v.

ACE INDUSTRIES CONSTRUCTION LLC and
KYLE LAVENDER

              Defendants.
------------------------------------------------------------------------x

Plaintiff Jahni Fannis, by his attorneys Giskan Solotaroff & Anderson LLP, and on behalf of himself and other similarly situated current and former employees of Ace Industries Construction LLC ("Ace") and Kyle Lavender alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff Jahni Fannis, a former employee at Ace, alleges on behalf of himself, and other similarly situated, current and former non-supervisory employees who worked at Ace and who elect to opt into this action pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216 (b), that they are: (i) entitled to unpaid overtime wages from Ace for their work, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 *et seq*.

2. Plaintiff Fannis also alleges that he, along with a class of current and former Ace non-supervisory employees, is entitled to unpaid overtime wages from Ace for his work and to

unpaid back "spread of hour" wages from Ace for those days in which he worked in excess of ten (10) hours and liquidated damages under New York State Labor Law.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216 (b).

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 (b)(1) as Ace resides in this district.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff Jahni Fannis is an adult individual who resides in Brooklyn, New York.

7. Defendant Ace Industries Construction LLC is a New York corporation with its principal place of business in Mount Vernon, New York.

8. Defendant Kyle Lavender, on information and belief, is, and has been at all relevant times, a co-owner and senior manager of Ace. As set forth below, Defendant Lavender is an employer within the meaning of the FLSA and the New York Labor Law.

## FACTS

9. Plaintiff Fannis was employed as a laborer for Ace in November and December 2016. As a laborer, Mr. Fannis was not subject to an exemption from the federal and New York laws requiring employers to pay employees time and a half wages for all hours that exceeded 40 hours in a week.

10. Throughout his employment at Ace, Mr. Fannis worked from 45 to 60 hours per week but was not paid time and a half wages for the overtime hours.

11. The pay stub Mr. Fannis received from Ace, for the week of November 28, 2016 until December 4, 2016, attached hereto as Exhibit A, indicates that Mr. Fannis worked 47 hours that week but did not receive time and a half wages for the seven hours that exceeded 40 hours.

12. That pay stub, and the other pay stubs Mr. Fannis received, significantly under-estimated the hours he worked.  Mr. Fannis frequently complained to Ace managers about errors on his paystubs but these errors were not corrected.

13. Mr. Fannis also frequently worked in excess of 10 hours per day without receiving the premium pay required by the New York State Labor Law.

14. Similarly, other laborers employed by Ace told Mr. Fannis that they consistently worked in excess of 40 hours weekly and were not paid time and a half wages for their overtime hours.

15. On information and belief, the source of which is statements by Ace supervisors that payroll issues would have to be worked out by Defendant Lavender, Defendant Lavender was actively involved in determining the hours that Ace laborers worked and their rates of pay.

16. Defendants willfully failed to pay Plaintiff and other laborers overtime wages for their services and labor in violation of the FLSA and willfully failed to pay Plaintiff and other laborers overtime wages in violation of the New York State Labor Law.

## COLLECTIVE ACTION ALLEGATIONS

17.     On information and belief, the source of which is Plaintiff Fannis's experience working at Ace and his communications with other Ace employees, Defendants did not pay overtime wages to many of Ace's employees who worked in excess of 40 hours per week during some or all of the class period.

18.     Pursuant to 29 U.S.C. § 207, Plaintiff Fannis seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were employed as non-supervisory employees and who have not been paid overtime wages at a rate not less than one and one-half times the regular rate of pay for hours worked in excess of forty per workweek in violation of the FLSA (the "Collective Action Members") at any time since January 31, 2015 to the entry of judgment in this case (the "Collective Action Period").

19.     This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than 100 Collective Action Members during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

20.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

21. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

22. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

    A. Whether Ace employed the Collective Action Members within the meaning of the FLSA;

    B. Whether Ace failed to pay the Collective Action Members overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

    D. Whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

    E. Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs and disbursements and attorneys' fees;

    F. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

   G. Whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiff Fannis was employed, in violation of C.F.R. § 516.4; and

   H. Whether Defendants should be enjoined from violations of the FLSA in the future.

23. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ACTION ALLEGATIONS

24. Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

25. On information and belief, the source of which is Plaintiff Fannis's experience working at Ace and his communications with other Ace employees, Defendants did not pay overtime wages to many of its employees who worked in excess of 40 hours per week during some or all of the class period.

26. Plaintiff brings New York Labor Law claims on behalf of all persons who are or were employed by Ace in non-supervisory positions in the State of New York and who have not been paid overtime wages at a rate not less than one and one-half times the regular rate of pay in violation of the New York Labor Law (the "Class") at any time since January 31, 2012, to the entry of judgment in this case (the "Class Period").

27. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Ace, upon information and belief, there are at least 40 members of the Class during the Class Period.

28. The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

29. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

30. Plaintiff Fannis is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

31. Plaintiff Fannis has the same interests in this matter as all other members of the Class and Plaintiff Fannis has no interest that is contrary to or in conflict with the members of the Class.

32. Plaintiff Fannis's claims are typical of the Class.

33. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

    A. Whether Ace employed the members of the Class within the meaning of the New York Labor Law;

    B. What proof of hours worked is sufficient where employers fail in their duty to maintain time records;

    D. Whether Ace failed and/or refused to pay the members of the Class premium pay for hours worked in excess of forty hours per workweek within the meaning of the New York Labor Law;

E.      Whether Ace failed to pay Plaintiff premium pay for hours worked in excess of ten hours a day within the meaning of the New York State Labor Law and 12 N.Y.C.R.R. § 142-2.4;

F.      Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interests, costs and disbursements and attorneys' fees; and

G.      Whether Defendants should be enjoined from such violations of the New York Labor Law in the future.

## FIRST CAUSE OF ACTION
### (FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201 *et seq.*)

34.     For this cause of action, "Plaintiff" refers to the named Plaintiff Fannis and any other employee of Ace who file individual consents to sue in this action. Plaintiff alleges and incorporates by reference the allegations contained in the foregoing paragraphs.

35.     Plaintiff Fannis consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiff Fannis's written consent is attached hereto as Exhibit B and incorporated by reference.

36.     At all times relevant to this action, Plaintiff Fannis was employed by Ace within the meaning of the FLSA.

37.     At all times relevant to this action, Plaintiff Fannis was engaged in commerce and/or Ace was an enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and 207(a).

38.     Defendants willfully failed to pay Plaintiffs overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1).

39. Defendants failed to keep appropriate and accurate payroll and time records as required by federal law.

40. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime compensation, liquidated damages, attorneys' fees and costs of this action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### (NEW YORK LABOR LAW §§ 190 *et seq*, 650 *et seq*)

41. Plaintiff alleges and incorporates by reference the foregoing allegations.

42. At all times relevant to this action, Plaintiff and the putative class were employed by Defendants within the meaning of New York Labor Law §§ 2, 190 and 651.

43. Defendants willfully violated the rights of Plaintiff and the putative class by failing to pay them overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek in violation of the New York Minimum Wage Act, New York Labor Law § 650 *et seq*, and its regulations, N.Y.C.R.R. § 142-2.2.

44. Defendants willfully violated the rights of Plaintiff and the putative class by failing to pay them an additional hour of pay for each hour worked in excess of ten in one day, in violation of the New York Minimum Wage Act and its regulations, N.Y.C.R.R. § 142-2.4.

45. Defendants willfully violated the rights of Plaintiff and the putative class by failing to pay them wages due and owing for work performed in violation of the New York State Labor Law.

46. Due to Defendants' New York Labor Law violations, Plaintiff and the putative class is entitled to recover from Defendants, jointly and severally, their unpaid overtime compensation, their unpaid "spread of hours" wages, their unpaid wages, attorneys' fees and

costs pursuant to New York Labor Law §§ 198, 663(1) and the New York State Department of Labor regulations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the putative class respectfully request that this Court grant the following relief:

A.  Certify this case as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3);

B.  Declare Defendants' conduct complained of herein to be in violation of the Plaintiff's rights under the FLSA, New York State Labor Law and the New York Minimum Wage Act;

C.  Award Plaintiff and the putative class their unpaid overtime compensation under the FLSA;

D.  Award Plaintiff and the putative class their unpaid overtime compensation, unpaid wages, and unpaid "spread of hour" wages pursuant to the New York State Labor Law, the New York Minimum Wage Act and the New York State Department of Labor Regulations;

E.  Award Plaintiff and the putative class liquidated damages due to Defendants' willful failure to pay them overtime compensation pursuant to 29 U.S.C. § 216;

F.  Award Plaintiff and the putative class liquidated damages pursuant to New York Labor Law §198(1-a).

F.  Award Plaintiff and the putative Class prejudgment interest;

G.  Award Plaintiff and the putative Class attorneys' fees and the costs of this action; and

H.  Such other relief as the Court deems necessary and proper.

10

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
January 31, 2018

        Respectfully submitted,

        GISKAN SOLOTAROFF & ANDERSON LLP

By: /s/ _____
Jason L. Solotaroff
Aliaksandra R. Ramanenka
217 Centre Street, 6th Floor
New York NY 10013
(212) 847-8315
Attorneys for Plaintiff