# EXHIBIT 1

<u>COLLECTIVE ACTION SETTLEMENT AGREEMENT</u>

THIS SETTLEMENT AGREEMENT (hereinafter <u>"Agreement")</u> is entered into by and Jahni Fannis, in his individual capacity and as Collective Representative (as that term is defined in Section 3), and Jose L. Acevedo, Moussa Camara, Brian Casal, Ken Charles, Junior R. Cumberbatch, Junior Garcia Santos, Keith O. Gordon, Terrill E. Hall, Ceylon C. Hendricks, Dean O. Henry, Valron Jack-Quinton, Gregory L. Knight, Kamal A. Miller, Akido Noel, Wayne M. Paul, Jodi Potter, Jeorge M. Robbins, Oliver Washington, Devin R. Webbert, Mark T. Woods, Terrance Woods, Frank Albert, and Jemel Anderson (together the "Opt-ins," and, together with the Collective Representative, the "Plaintiffs"), on the one hand, and Ace Industries Construction, LLC ("Ace") and Anthony Cucciniello ("Cucciniello," and together with Ace, the "Defendants"), on the other hand, with reference to the recitals and provisions set forth below. The Plaintiffs and the Defendants are collectively identified herein as the "Parties." This Agreement is effective upon its execution by all the Parties.

<u>RECITALS</u>

WHEREAS, on or about January 31, 2018, the Collective Representative commenced a collective lawsuit (the "Lawsuit") pursuant to Sec. 207 of the Fair Labor Standards Act, 29 U.S.C. Sec. 201 et seq. (the "FLSA"), by filing a complaint against Ace and one Kyle Lavender in the United States District Court for the Southern District of New York under the caption "Jahni Fannis, on behalf of himself and other similarly situated individuals v. Ace Industries Construction LLC and Kyle Lavender," docket number 18-cv-00857 (JGK) (SN) (the "Complaint"); and

Whereas, on or about May 3, 2018, the Collective Representative filed an amended complaint that added Anthony Cucciniello ("Cucciniello") as a defendant but did not materially alter the allegations of the Complaint (the "Amended Complaint"); and

WHEREAS, the Complaint and the Amended Complaint were not served upon named defendant Kyle Lavender and Kyle Lavender has not entered an appearance in the Lawsuit; and

WHEREAS, Ace does business as a sheet-rocking subcontractor on construction projects primarily in New York City; and

WHEREAS, the Amended Complaint alleges that Ace employed the Plaintiffs as skilled and/or unskilled laborers during the three years prior to the date on which the Complaint was filed (the "Collective Period"); and

WHEREAS, the Amended Complaint alleges that during the Collective Period the Collective Representative worked 45 to 60 hours per week but did not receive time and a half wages for his overtime hours as required by FLSA Sec. 207(a)(1), and that other laborers employed by Ace also consistently worked overtime without receiving time and a half wages, and that Defendants failed to keep appropriate and accurate payroll and time records as required by federal law; and

WHEREAS, the Amended Complaint alleges that the Defendants violated the New York Labor Law and regulations promulgated thereunder by failing to pay time and a half wages for overtime, that

1

Defendants failed to provide premium pay for hours in excess of 10 worked in a single day as required the New York Minimum Wage Act and regulations promulgated thereunder; and

WHEREAS, Defendants admit that Ace employed the Plaintiffs during the Collective Period, but deny that either of them violated any provisions of federal or New York law with respect to such employment, including without limitation the FLSA, the New York Labor Law, or the New York Minimum Wage Act; and

WHEREAS, by an order dated July 3, 2018, and with the consent of the Parties, the Court entered an order (the "Conditional Certification Order") conditionally certifying the FLSA collective asserted in the Amended Complaint, directing Defendants to provide names and addresses of members of the conditional collective, and directing the Collective Representative to serve notice of the Lawsuit on potential members of the collective in a form approved by the Court; and

WHEREAS, the period during which notice was required to be served pursuant to the Conditional Certification Order (the "Notice Period") expired on October 20, 2018; and

WHEREAS, during the Notice Period 21 of the Opt-ins filed a Consent to Become Party Plaintiff in compliance with the Conditional Certification Order; and

WHEREAS, after the Notice Period had ended 3 additional persons, to wit Junior Cumberbatch, Wayne Paul, and Terence Woods, who had been employed by Ace during the Collective Period, indicated that they wished to join the Collective (the "Late Opt-ins"); and

WHEREAS, the Parties desire the present settlement to include the claims of the Late Opt-ins; and

WHEREAS, after the Notice Period ended the Parties served and responded to interrogatories and requests for production of documents, but did not take depositions or engage in any other discovery; and

WHEREAS, by an order dated December 20, 2018, the Court directed the parties to attend a settlement conference before Magistrate Judge Sarah Netburn;

WHEREAS, the Parties attended a settlement conference before Judge Netburn on January 8, 2019, during which Judge Netburn recommended that they settle the Lawsuit for $110,000, inclusive of legal fees and expenses, and directed that they accept or reject her recommendation on or before January 11, 2019; and

WHEREAS, the Parties accepted Judge Netburn's recommendation and, on January 15, 2019, filed their consent to her jurisdiction; and

WHEREAS, the Parties subsequently agreed to include the Late Opt-ins in the present settlement and accordingly agreed to increase the settlement amount by $6,000 to $116,000; and

WHEREAS, by an order dated January 17, 2019, Judge Netburn directed the parties to file an

executed settlement agreement on or before  February 19, 2019;

WHEREAS, the Parties desire to settle, release,  and  finally  dispose of all claims,  demands,  and causes of action that are, or could have been, asserted in the Lawsuit that relate to or that flow from the alleged violations described herein, including all claims under the FLSA, New York Labor Law, New York Minimum Wage Law, and including similar state wage and hour laws of any state having jurisdiction, and any claims sounding in tort or contract, so as to avoid future lawsuits regarding this issue (regardless of the merits of such lawsuits); and

WHEREAS, although the Lawsuit was pleaded as including a class action under Fed.R.Civ.P. 23, the Collective Representative has not moved to certify a class of plaintiffs for purposes of the Lawsuit and the Parties believe that settlement of a class action would be difficult or impossible given the highly contested nature of the pertinent facts; and

WHEREAS, if the Agreement is not approved, Defendants shall be free to assert any defenses to the claims raised by Plaintiffs, and to oppose certification of a FLSA collective action or a Rule 23 class action; and

WHEREAS, it is the intention of the Parties to settle and dispose of all claims, demands, and causes of action that are, or could have been, asserted in this Lawsuit or in any lawsuit or legal proceeding relating in any way to the alleged failure to pay overtime during the Collective Period;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein, and other good and valuable mutual consideration the receipt and sufficiency of which the Parties acknowledge, the Parties agree as follows.

<u>PROVISIONS</u>

1.      <u>COOPERATION BY THE PARTIES</u>

The Parties and their counsel agree to cooperate fully with each other to promptly execute all documents and take all steps necessary to effectuate the terms and conditions of this Agreement.

2.      <u>CERTIFICATION FOR SETTLEMENT PURPOSES UNDER FLSA SECTION 216(b).</u>

For purposes of this settlement only, the Parties agree to ask the Court to certify a collective action under Section 216(b) of the FLSA consisting of the Plaintiffs.  In the event that this settlement is not approved by the Court (or if a final approval order is reversed on appeal), no Party shall use the conditional or final certification of a collective action for any purpose whatsoever in the Lawsuit or in any other action or proceeding.

3.     PAYMENT OF THE SETTLEMENT AMOUNT; WITHHOLDINGS.

   a.  The Settlement Amount.

In consideration for the releases, dismissals and promises set forth in this Agreement, Defendants shall make payment to each Plaintiff in the amounts set forth in Exhibit A appended hereto and made a part hereof, provided that the gross amount of such payments, prior to deduction of any withholdings required by law, shall be $116,000 (one hundred sixteen thousand dollars), and Defendants shall not under any circumstances be required to make any payments exceeding such amount.  Such payment shall be made within 30 days after the Court's entry of a judgment approving this Agreement.

   b.  Tax Liability and Net Payments

The payment by Defendants pursuant to this Agreement is for alleged failure to pay compensation due, interest on said sum, attorneys' fees and disbursements, and all other claims as set forth in the Lawsuit. In accordance with both State and Federal tax laws, Defendant shall withhold such sums from each Plaintiff's individual settlement amount as is required in order to comply with the same. For avoidance of doubt, the payroll withholdings required by federal and state law shall be deducted from the gross amount of each plaintiff's settlement payment, and the plaintiff shall receive the net amount after such withholdings.  Portions of any individual Plaintiff's settlement award not subject to withholding, if any, will be issued with an IRS 1099 form. After appropriate tax withholding, the net payment to be received by each Plaintiff shall be paid as provided in this Agreement.  Defendant shall report the taxes withheld from the wages of each Plaintiff as required by law via a W-2 form, and shall immediately pay over all such withheld funds, plus the employer's contribution, to the appropriate State and Federal taxing authorities. Defendant shall provide each Plaintiff with appropriate documentation setting forth the amount of any tax or other payment withheld, and employer contribution made,  in  accordance with State and Federal tax requirements. In addition, Defendant shall provide such information to Plaintiffs' counsel at its request. Plaintiffs shall be responsible for remitting to State and/or Federal taxing authorities any applicable other taxes due and shall hold the Defendants harmless and indemnify them for any liabilities, costs and expenses, including attorneys' fees and disbursements, assessed or caused by any such taxing authority which result from the Plaintiffs' failure to remit taxes due on payments made to the Plaintiffs pursuant to this Agreement.

4.     ATTORNEYS' FEES.

The settlement amount of $116,000 is inclusive of Plaintiffs' counsel's fees and expenses relating in any manner whatsoever to the lawsuit, and under no circumstances shall Defendants be liable for or required to pay any additional amount whatsoever to compensate or reimburse Plaintiffs' counsel.  In the event that this settlement does not receive final approval from the Court (or if a final approval order is reversed on appeal), no Party shall use the award of attorneys' fees, costs and expenses for any purpose whatsoever in the Lawsuit or in any other action alleging substantially the same facts as the Amended Complaint.  Defendants

shall issue a check in the amount approved by the Court no later than 30 business days after entry of a final judgment dismissing the Amended Complaint.

5.    FILING OF MOTION FOR APPROVAL

The parties shall file a Joint Motion to Approve the Settlement, which shall ask the Court to certify a FLSA collective action under Section 216(b) of the FLSA, as defined and described in Section 2 above, only for purposes of settling the Lawsuit. In addition, the parties shall ask that the Court determine that the terms of the settlement are fair, reasonable and adequate and approve the procedure for the calculation of settlement distributions. Defendant consents for settlement purposes only to the certification of a collective action.  In the event that this settlement is not finalized, does not receive final approval from the Court, or if a final approval order is reversed on appeal, no party shall use the foregoing provision or the certification of a collective action for any purpose whatsoever in the Lawsuit or in any other action or proceeding.

6.    FINAL JUDGMENT AND ORDER OF DISMISSAL

Upon the Court's approval of this Agreement, the Parties shall jointly move the Court to issue a Final Judgment ("Final Judgment") which shall, *inter alia*:

    a.  Confirm that the settlement is fair, reasonable, adequate, in good faith and in the best interests of the Plaintiffs collectively, and shall order the Parties to carry out the provisions of this Agreement.

    b.  Dismiss with prejudice all actions, complaints and claims and any lawsuit by Plaintiffs against Defendants and Released Parties (as defined below), including the Lawsuit, arising out of or related to any of the actions or events complained of in the Lawsuit.

    c.  Adjudge that all Plaintiffs are conclusively deemed to have released Defendant and the Released Parties of and from any and all rights, claims, demands, liabilities, causes of action, liens and judgments arising out of or in any way related to the matters set forth, or that could have been set forth, in the Lawsuit in relation to the allegations of the Amended Complaint.

    d.  Bar and permanently enjoin each Plaintiff from prosecuting against Defendant and the Released Parties any and all of the settled and released claims which the Plaintiffs or any of them had, have or may have in the future, arising out of, based upon, or otherwise related to any of the allegations asserted in the Lawsuit.

    e.  Reserve continuing jurisdiction until the Parties shall jointly advise the Court that Defendants have made full and final payment in accordance with this Agreement.

7.    APPROVAL AND ADOPTION OF FINAL JUDGMENT BY COURT AND FINAL JUDGMENT

Only if additionally required by the Court and not otherwise approved by the Court as part of the

Motion to Approve this Agreement, Plaintiff shall seek final approval and adoption of this settlement from the Court for entry of the Final Judgment, as well as for an Order approving Plaintiffs' counsel's attorneys' fees and in a manner consistent with the terms of this Agreement.

8.     RELEASE BY ALL PLAINTIFFS

As of the date on which Defendants shall deliver full and final payment to Plaintiffs and to Plaintiffs' counsel as provided in this Agreement, all Plaintiffs shall conclusively be deemed to have released each of the Defendants,  and each of their respective past, present and future owners, members, managers, stockholders, parent corporations, related or affiliated companies, subsidiaries, officers, directors, shareholders, employees, agents, principals, heirs, assigns, representatives, accountants, attorneys, auditors, consultants, insurers and re-insurers, and their respective successors and predecessors in interest, and all of their respective officers, members, managers, directors, stockholders, employees, administrators, fiduciaries, trustees and agents, and any individual or entity which could be jointly liable with either Defendant (the "Released Parties") from the "Released Claims," as defined below.

a.     Released Claims by all Approved Claimants.

For purposes of this Agreement, the "Released Claims" are defined as: All claims, demands, rights, liabilities and causes of action of every nature and description whatsoever, whether known or unknown, that were asserted in the Lawsuit or that relate in any way to the allegations of the Amended Complaint, whether in tort, contract, statute, rule, ordinance, order, regulation, or otherwise, or that arise under the wage and hour laws of any state, or the FLSA, whether for economic damages, non-economic damages, restitution, penalties, wages, liquidated damages, interest, or attorneys'  fees arising out of the claims at issue, including: the causes of action asserted in the Lawsuit, as well as any  claim (whether asserted or unasserted) for failure to keep accurate records, failure to provide accurate wage statements, late payment of wages during or upon termination of employment, and waiting time penalties, which causes of action include, but are not limited to, allegations that members of the Plaintiff Collective were not paid all  earned wages, including "straight time" wages, overtime compensation, meal and rest period premiums, and were not timely paid all wages, were not paid all wages owing upon termination of employment during the Collective Period, and were not provided with written and/or posted notice of their rights under applicable state or federal wage and hour laws.

b.     Waiver of rights.

The Plaintiffs stipulate and agree that the consideration paid to them pursuant to this Agreement compensates them for all wages, including wages not timely paid, and reimbursements due to them, all liquidated damages or penalties, all liability related to itemized wage statements and any compensation to which they may be entitled to as a result of the violations alleged in the Complaint of any state law or regulation, and any related penalties, including any waiting time penalties, and they hereby fully and finally waive any of there rights in respect of such wages, reimbursements, penalties, and liability.

9.     NO ADMISSION BY THE PARTIES

Defendant and the Released Parties deny any and all claims alleged in the Amended Complaint and deny all wrongdoing whatsoever.  Defendant continues to assert, inter alia, that the Plaintiffs have been timely paid all wages owing in accordance with the law, were provided adequate itemized wage statements, and were notified of their rights as required by law. This Agreement is neither a concession nor an admission, and shall not be used against either Defendant or any of the Released Parties as an admission or indication with respect to any claim of any fault, concession, or omission by either Defendant or any of the Released Parties.  Whether or not the settlement is finally approved, neither the settlement, nor any document, statement, proceeding, or conduct related to this Agreement, nor any reports or accounts thereof, shall in any event be:

a.   construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the either Defendant or the Released Parties, including, but not limited to, evidence of a presumption, concession, indication, or admission by either Defendant or any of the Released Parties of any liability, fault, wrongdoing, violation of law omission, concession, or damage; or

b.   disclosed, referred to or offered or received in evidence against either of the Defendants or any of the Released Parties in any further proceeding in the Lawsuit, or any other civil, criminal, or administrative action or proceeding, except for purposes of settling the Lawsuit pursuant to this Agreement.


10.     CONFIDENTIALITY

a.   Plaintiffs, Defendants, Plaintiffs' Counsel, and Defendants' counsel shall not (i) initiate or cause the initiation of any communications concerning the settlement with any media organization and/or (ii) respond to or cause a response to be made to any communications concerning the settlement with any media organization. As used in this Section, "media organization" shall include, without limitation, print, broadcast, television, satellite and internet media.

b.   The Parties agree that if they are contacted by a media organization then they will only state that this matter has settled.

c.   Plaintiffs' Counsel will take all steps necessary to ensure that the Plaintiffs are aware of, and will adhere to, the restriction against any media comment on the settlement and its terms.

11.     NULLIFICATION OF AGREEMENT

In the event: (i) the Court does not enter an Order approving the settlement as provided herein; (ii) the Court does not issue a Final Judgment in the manner described above, which becomes final and not subject to any appeals; or (iii) the settlement does not become final for any other

reason, this Agreement shall be null and void and any order or judgment entered by the Court in furtherance of this settlement shall be treated as void ab initio. In such event, the Parties and any funds to be awarded under this settlement shall be returned to their respective statuses as of the date and time immediately prior to the execution of this Agreement, and the Parties shall proceed in all respects as if this Agreement had not been executed. The failure of the Court to award Plaintiffs' Counsel the amount of attorneys' fees and/or costs set forth herein shall not be a reason to nullify this Agreement.

12.   RETURN OF DOCUMENTS AND INFORMATION

The Plaintiffs and Plaintiffs' Counsel agree that none of the documents and information provided to them by the Plaintiffs shall be used for any purpose other than prosecution of the Lawsuit. No later than ten (10) days after Plaintiff's counsel receives any Court-approved award of attorneys' fees, the Plaintiffs and Plaintiff's counsel shall destroy or return to Defendants' counsel the original and all copies of any documents that Defendants produced or provided to Plaintiffs or Plaintiffs' Counsel during the Lawsuit. Should Plaintiffs' counsel elect to destroy documents designated as "confidential," Plaintiffs' counsel shall certify under penalty of perjury that such documents have been destroyed.

13.   REPRESENTATIONS AND WARRANTIES

Each Party represents and warrants that he or it has not heretofore assigned or transferred, or purported to assign or transfer, any of the claims released pursuant to this Agreement to any other person and that he, she, or it is fully entitled to compromise and settle same.

14.   APPLICABLE LAW

All questions with respect to the construction of this Agreement and the rights and liabilities of the Parties hereto shall be governed by the laws of the State of New York applicable to agreements to be wholly performed within the State of New York, without reference to the conflicts of laws provisions thereof.

15.   OWN COUNSEL

Each Party acknowledges that he or it has been represented by counsel of his or its own choice throughout all of the negotiations that preceded the execution of this Agreement and in connection with the preparation and execution of this Agreement.

16.   FURTHER ACTS AND DOCUMENTS

The parties hereto agree to do such acts and execute all documents necessary to effectuate the intent of this Agreement.

17.   COUNTERPARTS

This Agreement may be executed in one or more counterparts, each of which shall be deemed

an original, but all of which together shall constitute one and the same instrument, and will be effective upon execution by all parties. Facsimile signatures shall be deemed original signatures for all purposes.

18.    HEADINGS

The headings contained in this Agreement are for reference only and are not to be construed in any way as a part of the Agreement.

19.    ENTIRE AGREEMENT

This Agreement represents the entire agreement between the Parties hereto with respect to the subject matter hereof and supersedes all prior oral and written agreements and discussions. Each Party covenants that he or it has not entered into this Agreement as a result of any representation, agreement, inducement, or coercion, except to the extent specifically provided herein. Each Party further covenants that the consideration recited herein is the only consideration for entering into this Agreement and that no promises or representations of another or further consideration have been made by any person.  This Agreement may be amended only by an agreement in writing duly executed by all Parties hereto.

20.    BINDING EFFECT

This Agreement shall be binding upon and inure to the benefit of the parties hereto and to their respective heirs, assigns and successors-in-interest.

21.    DRAFTING

Each party hereto has cooperated in the drafting and preparation of this Agreement. Hence, in any construction to be made of this Agreement, the same shall not be construed against any party as drafter of this Agreement.

22.    SEVERABILITY

In the event any covenant or other provision herein is held to be invalid, void, or illegal, the same shall be deemed severed from the remainder of this Agreement and shall in no way affect, impair or invalidate any other covenant, condition or other provision herein. If any covenant, condition, or other provision herein is held to be invalid due to its scope or breadth, such covenant, condition, or other provision shall be deemed valid to the extent of the scope or breadth permitted by law. Notwithstanding the foregoing, the release set forth in Section 7 of this Agreement is an essential part of the Parties' agreement. If such release is not valid or is modified in any way, Defendant shall have no obligation under this Agreement.

23.    INCORPORATION OF EXHIBIT

All annexes attached to this Agreement are hereby incorporated by reference as though set forth fully herein and are a material part of this Agreement. Any notice, order, judgment, or

other exhibit that requires approval of the Court must be approved without material alteration.

24.    AUTHORITY

Each party hereto warrants and represents that each of the persons or entities executing this Agreement is duly empowered and authorized to do so.

25.    WAIVER OF RIGHT TO OBJECT

By signing this Agreement each Plaintiff is bound by the terms herein stated and shall not object to any of the terms of this Agreement. Non-compliance with this Section shall be void and of no force or effect.

26.    DISPUTE RESOLUTION

The Court shall have continuing jurisdiction to resolve any dispute that may arise with regard to the terms and conditions of this Agreement as set forth herein.

27.    NOTICE

All notices, requests, demands and other communications required or permitted to be given pursuant to this Agreement (other than the Consent Form) shall be in writing and shall be delivered personally, telecopied, or mailed postage pre-paid by first class mail to the following persons at their addresses set forth as follows:

Plaintiffs' Counsel:

Jason L. Solotaroff
Giskan Solotaroff & Anderson LLP
217 Centre Street, 6th Floor
New York NY 10013

Defendants' Counsel:

Eric Lindquist, Esq.
CERMELE & WOOD LLP
2 Westchester Park Drive
White Plains, New York  1060

IN WITNESS WHEREOF, Plaintiffs have executed this Agreement as of the dates set forth below.

[SIGNATURES ON THE FOLLOWING PAGE]

ACE INDUSTRIES CONSTRUCTION, LLC

By: _____ Manager
Anthony Cucciniello, Manager

_____
Anthony Cucinello

_____
Jahni Fannis

_____
Dijon Holmes

_____
Jose L. Acevedo

_____
Moussa Camara

_____
Brian Casal

_____
Ken Charles

_____
Junior R. Cumberbatch

_____
Junior Garcia Santos

_____
Keith O. Gordon

_____
Terrill E. Hall

_____
Ceylon C. Hendricks

_____
Dean O. Henry

_____
Valron Jack-Quinton

_____
Gregory L. Knight

_____
Kamal A. Miller

_____
Akido Noel

_____
Wayne M. Paul

_____
Jodi Potter

_____
Jeorge M. Robbins

_____
Oliver Washington

_____
Devin R. Webbert

_____
Mark T. Woods

_____
Frank Albert

_____
Jemel Anderson

_____
Manuel Granda

ACE INDUSTRIES CONSTRUCTION, LLC

By: _____          _____
    Anthony Cucciniello, Manager                    Anthony Cucinello


PLAINTIFFS

By: _____          _____          _____
    Jahni Fannis                        Dijon Holmes                        William Jourdain

_____          _____          _____
Jose L. Acevedo                    Moussa Camara                    Brian Casal

_____          _____          _____
Ken Charles                        Junior R. Cumberbatch              Junior Garcia Santos

_____          _____          _____
Keith O. Gordon                    Terrill E. Hall                    Ceylon C. Hendricks

_____          _____          _____
Dean O. Henry                      Valron Jack-Quinton                Gregory L. Knight

_____          _____          _____
Kamal A. Miller                    Akido Noel                        Wayne M. Paul

_____          _____          _____
Jodi Potter                        Jeorge M. Robbins                  Oliver Washington

_____          _____          _____
Devin R. Webbert                   Mark T. Woods                      Frank Albert

_____          _____          _____
Jemel Anderson                     Manuel Granda                      Terrance Woods

ACE INDUSTRIES CONSTRUCTION, LLC

By: _____        _____
     Anthony Cucciniello, Manager                    Anthony Cuccinello

PLAINTIFFS

By: _____        _____        _____
     Jahni Fannis                                    Dijon Holmes                                    William Jourdain

_____        _____        _____
Jose L. Acevedo                                    Moussa Camara                                    Brian Casal

_____        _____        _____
Ken Charles                                        Junior R. Cumberbatch                          Junior Garcia Santos

_____        _____        _____
Keith O. Gordon                                    Terrill E. Hall                                    Ceylon C. Hendricks

_____        _____        _____
Dean O. Henry                                      Valron Jack-Quinton                            Gregory L. Knight

_____        _____        _____
Kamal A. Miller                                    Akido Noel                                        Wayne M. Paul

_____        _____        _____
Jodi Potter                                        Jeorge M. Robbins                              Oliver Washington

_____        _____        _____
Devin R. Webbert                                  Mark T. Woods                                    Frank Albert

_____        _____        _____
Jemel Anderson                                    Manuel Granda                                    Terrance Woods

ACE INDUSTRIES CONSTRUCTION, LLC

By: _____

Anthony Cucciniello, Manager          _____

Anthony Cuccinello

PLAINTIFFS

By: _____

| | | |
|---|---|---|
| Jahni Fannis | Dijon Holmes | William Jourdain |
| Jose L. Acevedo | Moussa Camara | Brian Casal |
| Ken Charles | Junior R. Cumberbatch | Junior Garcia Santos |
| Keith O. Gordon | Terrill E. Hall | Ceylon C. Hendricks |
| Dean O. Henry | Valron Jack-Quinton | Gregory L. Knight |
| Kamal A. Miller | Akido Noel | Wayne M. Paul |
| Jodi Potter | Jeorge M. Robbins | Oliver Washington |
| Devin R. Webbert | Mark T. Woods | Frank Albert |
| Jemel Anderson | Manuel Granda | Terrance Woods |

11

ACE INDUSTRIES CONSTRUCTION, LLC

By: _____          _____
     Anthony Cucciniello, Manager              Anthony Cuccinello

PLAINTIFFS

By: _____          _____          _____
     Jahni Fannis                    Dijon Holmes                  William Jourdain

     _____          _____          _____
     Jose L. Acevedo                 Moussa Camara                 Brian Casal

     _____          _____          _____
     Ken Charles                     Junior R. Cumberbatch         Junior Garcia Santos

     _____          _____          _____
     Keith O. Gordon                 Terrill E. Hall               Ceylon C. Hendricks

     _____          _____          _____
     Dean O. Henry                   Valron Jack-Quinton           Gregory L. Knight

     _____          _____          _____
     Kamal A. Miller                 Akido Noel                    Wayne M. Paul

     _____          _____          _____
     Jodi Potter                     Jeorge M. Robbins             Oliver Washington

     _____          _____          _____
     Devin R. Webbert                Mark T. Woods                 Frank Albert

     _____          _____          _____
     Jemel Anderson                  Manuel Granda                 Terrance Woods

ACE INDUSTRIES CONSTRUCTION, LLC

By: _____          _____
      Anthony Cucciniello, Manager                 Anthony Cuccinello


PLAINTIFFS

By: _____      _____      _____
      Jahni Fannis                  Dijon Holmes                 William Jourdain

      _____      _____      _____
      Jose L. Acevedo              Moussa Camara              Brian Casal

      _____      _____      _____
      Ken Charles                  Junior R. Cumberbatch      Junior Garcia Santos

      _____      _____      _____
      Keith O. Gordon              Terrill E. Hall              Ceylon C. Hendricks

      _____      _____      _____
      Dean O. Henry                Valron Jack-Quinton          Gregory L. Knight

      _____      _____      _____
      Kamal A. Miller              Akido Noel                   Wayne M. Paul

      _____      _____      _____
      Jodi Potter                  Jeorge M. Robbins            Oliver Washington

      _____      _____      _____
      Devin R. Webbert            Mark T. Woods                Frank Albert

      _____      _____      _____
      Jemel Anderson              Manuel Granda                Terrance Woods

ACE INDUSTRIES CONSTRUCTION, LLC

By: _____          _____
    Anthony Cucciniello, Manager          Anthony Cuccinello

PLAINTIFFS

By: _____       _____       _____
    Jahni Fannis               Dijon Holmes               William Jourdain


    _____       _____       _____
    Jose L. Acevedo            Moussa Camara              Brian Casal


    _____       _____       _____
    Ken Charles                Junior R. Cumberbatch      Junior Garcia Santos


    _____       _____       _____
    Keith O. Gordon            Terrill E. Hall            Ceylon C. Hendricks


    _____       _____       _____
    Dean O. Henry              Valron Jack-Quinton        Gregory L. Knight


    _____       _____       _____
    Kamal A. Miller            Akido Noel                 Wayne M. Paul


    _____       _____       _____
    Jodi Potter                Jeorge M. Robbins          Oliver Washington


    _____       _____       _____
    Devin R. Webbert           Mark T. Woods              Frank Albert


    _____       _____       _____
    Jemel Anderson             Manuel Granda              Terrance Woods

11

DocuSign Envelope ID: EB47057D-C890-40FF-BD8D-DB4A7AFABABF

ACE INDUSTRIES CONSTRUCTION, LLC

By: _____          _____
        Anthony Cucciniello, Manager                    Anthony Cuccinello


PLAINTIFFS

By: _____          _____          _____
        Jahni Fannis                          Dijon Holmes                        William Jourdain


_____          _____          _____
Jose L. Acevedo                        Moussa Camara                        Brian Casal


_____          _____          _____
Ken Charles                          Junior R. Cumberbatch              Junior Garcia Santos


_____          _____          _____
Keith O. Gordon                      Terrill E. Hall                          Ceylon C. Hendricks


_____          _____          _____
Dean O. Henry                        Valron Jack-Quinton                Gregory L. Knight


_____          _____          _____
Kamal A. Miller                      Akido Noel                          Wayne M. Paul


_____          _____          _____
Jodi Potter                          Jeorge M. Robbins                  Oliver Washington


_____          _____          _____
Devin R. Webbert                    Mark T. Woods                        Frank Albert


_____          _____          _____
Jemel Anderson                      Manuel Granda                        Terrance Woods

ACE INDUSTRIES CONSTRUCTION, LLC


By: _____          _____
         Anthony Cucciniello, Manager                      Anthony Cuccinello


PLAINTIFFS

By: _____          _____          _____
        Jahni Fannis                          Dijon Holmes                       William Jourdain


        _____          _____          _____
        Jose L. Acevedo                      Moussa Camara                      Brian Casal


        _____          _____          _____
        Ken Charles                          Junior R. Cumberbatch          Junior Garcia Santos


        _____          _____          _____
        Keith O. Gordon                      Terrill E. Hall                        Ceylon C. Hendricks


        _____          _____          _____
        Dean O. Henry                        Valron Jack-Quinton               Gregory L. Knight


        _____          _____          _____
        Kamal A. Miller                       Akido Noel                          Wayne M. Paul


        _____          _____          _____
        Jodi Potter                            Jeorge M. Robbins                 Oliver Washington


        _____          _____          _____
        Devin R. Webbert                    Mark Y. Woods                     Frank Albert


        _____          _____          _____
        Jemel Anderson                      Manuel Granda                      Terrance Woods

ACE INDUSTRIES CONSTRUCTION, LLC

By:   _____          _____
      Anthony Cucciniello, Manager               Anthony Cuccinello


PLAINTIFFS

By:   _____          _____          _____
      Jahni Fannis                      Dijon Holmes                     William Jourdain


      _____          _____          _____
      Jose L. Acevedo                   Moussa Camara                    Brian Casal


      _____          _____          _____
      Ken Charles                       Junior R. Cumberbatch            Junior Garcia Santos


      _____          _____          _____
      Keith O. Gordon                   Terrill E. Hall                  Ceylon C. Hendricks


      _____          _____          _____
      Dean O. Henry                     Valron Jack-Quinton              Gregory L. Knight


      _____          _____          _____
      Kamal A. Miller                   Akido Noel                       Wayne M. Paul


      _____          _____          _____
      Jodi Potter                       Jeorge M. Robbins                Oliver Washington


      _____          _____          _____
      Devin R. Webbert                  Mark T. Woods                    Frank Albert


      _____          _____          _____
      Jemel Anderson                    Manuel Granda                    Terrance Woods

# EXHIBIT 1-A

| EXHIBIT A | |
|---|---|
| **Name** | **Settlement Amounts** |
| Akido Noel | $5,800.00 |
| Brian Casal | $400.00 |
| Ceylon Hendricks | $2,733.00 |
| Dean Henry | $2,900.00 |
| Devin Webbert | $6,800.00 |
| Dijon Holmes | $4,000.00 |
| Frank Albert | $2,000.00 |
| Gregory Knight | $3,200.00 |
| Jahni Fannis | $3,500.00 |
| Jemel Anderson | $2,000.00 |
| Jeorge Robbins | $2,700.00 |
| Jodi Potter | $6,800.00 |
| Jose Acevedo | $1,100.00 |
| Junior Cumberbatch | $5,800.00 |
| Junior Garcia Santos | $3,000.00 |
| Kamal Miller | $2,200.00 |
| Keith Gordon | $4,700.00 |
| Ken Charles | $2,800.00 |
| Manuel Granda | $250.00 |
| Mark Woods | $2,500.00 |
| Moussa Camara | $6,700.00 |
| Oliver Washington | $4,700.00 |
| Terill Hall | $1,200.00 |
| Terrance Woods | $2,000.00 |
| Valron Jack-Quinton | $1,500.00 |
| Wayne Paul | $1,800.00 |
| William Jourdain | $400.00 |
| Total | $83,483.00 |